UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>YASIR ALHUMIDI, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00127-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED[1]<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>(Doc. No. 17) |

    This matter was reassigned to the undersigned. (Doc. No. 20). Pending before the court is plaintiff's motion for default judgment filed July 27, 2020. (Doc. No. 27). Defendants have not answered or responded to the complaint, nor have they filed any opposition or taken any actions in this case. For the reasons set forth below, the undersigned recommends that plaintiff's motion for default judgment be granted.

## I. BACKGROUND

    On January 23, 2020, plaintiff Jose Trujillo filed a complaint against defendants Yasir Alhumidi d/b/a J Street Mini Mart, Juan Carlos d/b/a Jalisco's Tacos, Madram M. Shuaibi, and Nasser S. Shuaibi (collectively referred to as "Defendants"), pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*; the California Unruh Act,

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. No. 1).  Plaintiff seeks an award of statutory damages, costs of suit, attorney's fees, litigation expenses, and injunctive or preventative relief.  (*Id.* at 8-9)*.*

As stated in the complaint, plaintiff is a person with physical disabilities and is "substantially limited in his ability to walk," which requires his use of a wheelchair or cane for mobility.  (*Id.*).  Defendants are the alleged owners or operators of J Street Mini Mart and the Jalisco's Taco's located at 1510 N. J Street, Tulare, CA.  (*Id*. at 2).  On November 17, 2019, plaintiff visited J Street Mini Mart and the Jalisco's Taco's, but "barriers" prevented him from accessing their "goods, services, privileges and accommodations."  (*Id.* at 2-3)*.*  Specifically, the parking space designated for accessible parking was impeded due to faded markings, and missing signage, resulting a vehicle obstructing plaintiff's ability to unload his vehicle.  (*Id* at 3).  The pavement routing to both businesses is uneven and cracked, making it difficult for his wheelchair to traverse.  (*Id*.).  No accessible tables were available, only picnic-like tables without sufficient clearance for plaintiff's wheelchair.  (*Id*).  Plaintiff was deterred from visiting both businesses but will return once the barriers are removed.  (*Id*. at 4).

All defendants were served with plaintiff's complaint on February 6, 2020.  (Docs. No. 5-8).  When none of the defendants timely appeared or answered, plaintiff requested the Clerk of Court enter default against them.  (Docs. No. 9, 11).  The Clerk of Court entered default against each defendant.  (Docs. No. 10, 12-14).  On July 15, 2020, plaintiff moved for default judgment against all defendants.  (Doc. No. 17).

## II. ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the clerk of court's entry of default under 55(a).  The court cannot enter default judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  If the court determines service was proper, the court is bound by to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment.  Specifically, the court considers the

1  following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and
2  sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether
3  the default resulted from excusable neglect, and (6) the court's overriding preference to issue
4  decisions on the merits.  (*Id*).

5  After the clerk enters a default, the court shall accept "as true all factual allegations in the
6  complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x.
7  868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must
8  be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N*., 2021 WL 22137, at *1
9  (E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements
10 that constitute conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072,
11 1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies
12 within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

13       B.       The *Eitel* Factors

14            1.   Defendants Were Properly Served with Process

15 Defendants were properly served, and the clerk of court rightfully entered defaults against
16 defendants.  (Docs. No. 10, 12-14).  Service is effectuated under Federal Rule of Civil Procedure
17 4(e) by "following state law for serving a summons . . . in the state where the district court is
18 located or where service is made," or by "delivering a copy of [the summons and complaint] to an
19 agent authorized by appointment or by law to receive service of process."  California law permits
20 service of the summons and complaint by personal service or by leaving them with a "competent
21 member of the household or a person apparently in charge of his or her office [or] place of
22 business," among other methods.   Cal. Code Civ. P. § 415.10-20.  All methods require that the
23 service be handled by an individual who is not a party to the action.  (*Id.*).

24 The record reflects a registered process server personally served defendant Nasser S.
25 Shuaibi on February 6, 2020 (Doc. No. 5); served a man apparently in charge of Jalisco's Tacos
26 on February 6, 2020 (Doc. No. 6); served a co-occupant of Madram M. Shuaibi's home on
27 February 6, 2020 (Doc. No. 7); and served  a person in charge of the office at J Street Mini Mart
28 on February 6, 2020 (Doc. No. 8).  Because those methods of service comply with California law

3

and because proof of service was filed, the court finds all defendants were properly served consistent with Fed. R. Civ. P. 4.

### 2. Application of the Six *Eitel* Factors

#### a. Potential Prejudice to Plaintiff

The court first considers whether plaintiff will suffer prejudice if a default judgment is not entered. When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, plaintiff claims he wishes to patronize the defendants' establishments and will continue to suffer discrimination due to his disability without recourse against the defendants. The "[p]otential prejudice to the plaintiff militates in favor of granting default judgment." *Solis v. Orland Sand & Gravel Corp.*, 2013 WL 85403, at *3 (E.D. Cal. Jan. 8, 2013). The first *Eitel* factor therefore weighs in favor of default judgment.

#### b. The Underlying Claim's Merits and Sufficiency

The court next weighs the merits and sufficiency of plaintiff's complaint. Default judgment will only be granted if plaintiff's complaint states a claim that supports the desired relief. *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021).

Plaintiff's complaint alleges defendants violated Title III of the ADA, which provides that in public places of accommodation "[n]o individual shall be discriminated against on the basis of disability." 42 U.S.C. § 12182(a). To prevail on a Title III ADA claim, plaintiff "must establish that: (1) he is disabled within the meaning of the ADA; (2) [defendants] are a private entity that owns, leases, or operates a place of public accommodation; and (3) [defendants] discriminated against him by denying him public accommodations because of his disability." *Lopez v. Catalina Channel Express, Inc*., 974 F.3d 1030, 1033 (9th Cir. 2020).

The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities ... [,] a record of such an impairment [,] or being regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities as defined by the ADA include walking and standing. *Id*., § 12102(2). Plaintiff represents he is "physically disabled"

4

and requires the use of a wheelchair or cane for mobility. (Doc. No. 1 at 2). Accepting the allegation as true, plaintiff is deemed to have physical impairment that substantially limits the major activity of walking and standing and therefore is disabled within the meaning of the ADA.

Plaintiff states he arrived at the parking lot for J Street Mini Mart and Jalisco's Tacos on November 17, 2019 with the intention of patronizing both businesses. (*Id.*). However, plaintiff was unable to exit the vehicle because a car was parked immediately adjacent to the poorly marked handicapped parking. (*Id.* at 3). Even if he had been able to exit, plaintiff observed the ramps accessing both businesses were uneven and cracked and thus not suitable for wheelchair usage. (*Id.*). Further, the only visible seating options were picnic tables which do not accommodate plaintiff's wheelchair. (*Id.*). Plaintiff claims he would like to visit J Street Mini Mart and Jalisco's Tacos but is deterred from doing so because of the barriers impeding his access. (*Id.* at 4).

Plaintiff claims he is disabled under the ADA and his depiction of J Street Mini Mart and Jalisco's Tacos is one of public accommodation. Despite being a place of public accommodation, plaintiff was unable to access their services due to architectural barriers. Such barriers to access are "discrimination" under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv). Because these facts are taken as true following defendants' entry of default, plaintiff has stated a *prima facie* Title III discrimination claim.

Plaintiff's complaint is similarly sufficient under the other statutes also cited in his complaint. Under California's Unruh Civil Rights Act, "disabled" people are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code, § 51(b). California Health and Safety Code § 19955 mandates that all public accommodations constructed in California comply with the requirements of California Government Code § 4450, which states that all "sidewalks, curbs, and related facilities … shall be accessible to and usable by persons with disabilities." Cal. Gov. Code, § 4450(a). California Health and Safety Code § 19959 requires non-exempt public accommodations constructed prior to July 1, 1970 that are later altered or structurally repaired to comply with the California Health and Safety Code. Plaintiff's complaint alleges he was denied

equal accommodation to defendants' businesses despite California law requiring they be accessible to him. Plaintiff has therefore adequately stated a claim under these laws.

Although plaintiff's complaint is largely boilerplate, he has sufficiently pled his claims and demonstrated that they have merit. *Trujillo v. GH Food Mart, Inc.*, 2020 WL 4697139, at *4 (E.D. Cal. Aug. 13, 2020). As such, the second *Eitel* factor weighs in favor of default judgment.

### c. The Amount of Money at Stake

Plaintiff seeks a default judgment of $4,000.00 plus $3,779.65 in attorney's fees and costs. Default judgment is "is disfavored where large amounts of money are involved." *Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), report and recommendation adopted sub nom. *Christofferson, v. All Pure Pool Serv. of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020). This court determined last year that an amount resembling plaintiff's request was "relatively small" and found the sum weighed in favor of granting default. *Johnson v. Shree Rang, LLC*, 2020 WL 5202068, at *3 (E.D. Cal. Sept. 1, 2020), report and recommendation adopted, 2020 WL 5891675 (E.D. Cal. Oct. 5, 2020). Given the rather modest sum sought, the court finds the third factor weighs in favor of default judgment.

### d. The Possibility of a Factual Dispute

The Clerk of Court's entry of default requires the court to accept plaintiff's well-pled factual allegations as true. Despite being properly served, defendants have failed to appear, answer, or otherwise respond. Thus, the only facts before the court are those presented by plaintiff in the complaint, which are well-pled and must be accepted as true. There is accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016). Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

### e. Whether the Default Resulted from Excusable Neglect

All four defendants were properly served yet none have appeared in the year since service was effectuated. When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), report and recommendation adopted, 2020 WL 3451580 (E.D. Cal. June 24, 2020). The court therefore

1 | finds this fifth *Eitel* factor weighs in favor of default judgment.

2 |       f.  <u>The Court's Overriding Preference to Issue Decisions on the Merits</u>

3 |     *Eitel* emphasizes that "[c]ases should be decided upon their merits whenever reasonably

4 | possible." 782 F.2d at 1472. Here, with no appearance from defendants, there is no reasonable

5 | possibility of deciding this matter on the merits. Because this sixth and each of the above *Eitel*

6 | factors overwhelmingly weigh in favor default judgment, the court recommends default judgment

7 | be entered.

8 |     3.  <u>Terms of the Judgment and Proof of Damages</u>

9 |       a.  <u>Injunctive Relief</u>

10 |   In addition to monetary damages, plaintiff seeks injunctive relief requiring defendants to

11 | make several changes and alterations to their businesses. (Doc. No. 17-1 at 6–7). For Title III

12 | ADA violations "only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.

13 | 2002). Injunctive relief "may be granted when architectural barriers at defendant's establishment

14 | violate the ADA." *Kraus v. Rattu*, 2020 WL 526105, at *5 (E.D. Cal. Feb. 3, 2020), report and

15 | recommendation adopted, 2020 WL 1274269 (E.D. Cal. Mar. 17, 2020). Here, the court

16 | recommends default judgment in favor of plaintiff because defendants' businesses contain

17 | barriers in violation of the ADA. The court accordingly recommends injunctive relief whereby

18 | defendants are required to remove those barriers and provide accessible parking, sidewalk access

19 | and seating within the requirements of the ADA.

20 |       b.  <u>Statutory Damages</u>

21 |   California's Unruh Act provides "that a plaintiff subjected to discrimination is entitled to

22 | recover $4,000 for each occasion on which the plaintiff was denied equal access." *Pomponio v.*

23 | *Budwal*, 2020 WL 3497007, at *6 (E.D. Cal. June 29, 2020), report and recommendation adopted,

24 | WL 5764376 (E.D. Cal. Sept. 28, 2020); Cal. Civ. Code § 52(a). Here, the court recommends

25 | granting plaintiff default judgment on his Unruh Act claim. Plaintiff is thus entitled to an award

26 | of $4,000 in statutory damages.

27 |       c.  <u>Attorney's Fees and Costs of Litigation</u>

28 |   Both the ADA and the California Health and Safety Code permit the recovery of attorney's

fees and costs upon receiving injunctive relief. 42 U.S.C. § 12205; California Civil Code § 54.3; *Pomponio*, 2020 WL 3497007 at *6. Attorney's fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). When "calculating a fee applicant's lodestar, a court has discretion to exclude hours that were not reasonably expended by counsel. *McDonald v. Navy Exch. Serv. Command*, 691 F. App'x 448, 449 (9th Cir. 2017) (internal quotations omitted).

Plaintiff's counsel seeks an award of $2,720.50 for total billable time spent by the Moore Law Firm, plus $1,059.15 for costs and litigation expenses. (Doc. No. 17-1 at 6-9.) The billable time encompasses (1) $1,950.00 for 6.5 hours worked by attorney Tanya E. Moore at an hourly rate of $300; (2) $333.50 for 2.9 hours worked by paralegal Whitney Law at an hourly of $115; and (3) $437.00 for 3.8 hours worked by paralegal Isaac Medrano at an hourly rate of $115. (Doc. No. 17-1 at 8-9).

### i. Billable Time

Plaintiff's counsel provided the court with the time entries detailing the firm's efforts in this matter. (Doc. No. 17-3 at 2-4). Those entries do not indicate time was unreasonably expended. Further, this court held in July 2020 that a paralegal hourly rate of $115 was reasonable. *Cortez v. Vieira Custom Chopping, Inc.*, 2020 WL 4369101, at *8 (E.D. Cal. July 30, 2020). This court additionally held in April 2020 that a $300 hourly rate was reasonable where the lead attorney has considerable experience in ADA matters. *Johnson v. Ballew*, 2020 WL 1923173, at *3 (E.D. Cal. Apr. 21, 2020). Moore has been an attorney over twenty years, with the last ten focusing on "disability access litigation." (Doc. No. 17-2 at 2). Because both the time spent and rate requested are reasonable, the court recommends plaintiff's counsel be awarded $2,720.50 in attorney's fees.

### ii. Litigation Expenses and Costs

Plaintiff moves to recover litigation expenses and costs of $1,059.15. (Doc. No. 17-3 at 21–27). Plaintiff has attached receipts for the court filing fee, a pre-filing investigation and process server fees, which are recoverable under the ADA. *Trujillo v. La Valley Foods, Inc.*,

2017 WL 2992453, at *7 (E.D. Cal. July 14, 2017); *Moralez v. 76 Orinda*, 830 F. App'x 209, 210 (9th Cir. 2020); 42 U.S.C. § 12205.  The receipts include: (1) invoice dated February 10, 2020 for $70.00 by One Legal Process for service on Jalisco's Tacos (Doc. No. 17-3 at 6);  (2) invoice dated February 10, 2020 for $110.00 charged by One Legal Process for the service on Madram M. Shuaibi (Doc. No. 17-3 at 7); (3) invoice dated February 10, 2020 for $120.00 by One Legal Process for service on Nasser S. Shuaibi (Doc. No. 17-3 at 8); (4) receipt dated January 23, 2020 for $400.00 for this court's filing fees (Doc. No. 17-3 at 10); and (5) invoice dated February 11, 2020 for $209.15 by Robert Ferris Investigations, LLC for "ADA pre-filing" investigation into "the subject facility to observe and document the existence of the conditions Plaintiff complained about." (Doc. No. 17-2 at 3; Doc. No. 17-3 at 12).  These receipts total $909.15, not the requested $1,059.15.  The court accordingly recommends that plaintiff be awarded the sum of $909.15 for litigation expenses and costs.

Below are the total fees the court recommends awarding plaintiff's counsel:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya E. Moore | $300 | 6.5 | $1,950.00 |
| Ms. Whitney Law | $115 | 2.9 | $333.50 |
| Mr. Isaac Medrano | $115 | 3.8 | $437.00 |
|  |  |  | $909.15 (litigation expenses and costs) |
|  |  | **Total** | $3,629.65 |

Accordingly, it is ORDERED:

Plaintiff **must** mail a copy of these findings and recommendations to defendants at their last known address and file with the court proof of service within fourteen (14) business days of the date of this order.

It is further RECOMMENDED:

9

Plaintiff's motion for default judgment (Doc. No. 17) should be **GRANTED as follows**;

Judgment be entered in plaintiff's favor and against defendants;

Plaintiff be awarded statutory damages in the amount of $4,000;

Plaintiff be awarded attorney's fees, litigation expenses and costs in the amount of $3,629.65.

Defendants rectify all architectural barriers on their property so that it provides accessible parking, sidewalk access and seating within the requirements of the ADA; and

This case be closed.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 11, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE